Daniel E. Birkhaeuser (SBN 136646)
dbirkhaeuser@bramsonplutzik.com
Jenelle Welling (SBN 209480)
jwelling@bramsonplutzik.com
BRAMSON, PLUTZIK, MAHLER
 & BIRKHAEUSER, LLP
2125 Oak Grove Rd., #120
Walnut Creek, CA 94598
Telephone: 925-945-0200
Facsimile: 925-945-8792

Barbara Quinn Smith (Pro Hac Vice to be filed)
Ohio Bar No. 0055328
bqsmith@mhclaw.com
MADDOX, HARGETT & CARUSO
9930 Johnnycake Ridge Rd., #3F
Mentor, OH 44060
Telephone: 440-354-4010
Facsimile: 440-848-8175

FILED
FEB 26 2013
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

KAW

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTORIA EARLE, Individually and on behalf of a Class of Individuals Similarly Situated, <br><br> Plaintiff, <br><br> -v- <br><br> CASTING360, LLC <br><br> Defendant. | Case Number: C 13 0877 <br><br> CLASS ACTION COMPLAINT <br> JURY TRIAL DEMANDED |

CLASS ACTION COMPLAINT

Named Plaintiff Victoria Earle brings this class action complaint against Defendant Casting360, LLC ("Casting360" and its unknown agents (collectively, "Defendants") to stop Defendants' practice of making unsolicited text message calls to cellular telephones, and to obtain redress for all persons injured by its conduct. Named Plaintiff, for her class action complaint, alleges as follows on personal knowledge as to herself and her own experiences, and as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## NATURE OF THE CASE

1. In an effort to promote its business, Defendants have engaged in an especially malevolent form of marketing: the unauthorized transmission of advertisements in the form of "text message" calls to the cellular telephones of consumers throughout the nation.

2. By effectuating these unauthorized text message calls ("unauthorized text messages"), Defendants subject consumers to the aggravation and harm of receiving unwanted text messages.

3. To redress these injuries, Named Plaintiff, on behalf of herself and a nationwide class of similarly situated individuals, brings suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA"), which prohibits unsolicited voice and text calls to cell phones.

4. On behalf of the class, Named Plaintiff seeks an injunction requiring Defendants to cease all unauthorized text messaging and an award of statutory damages to the class members, together with costs and reasonable attorneys' fees.

## PARTIES

5. Named Plaintiff is a resident of Arizona.

6. Defendant Casting360 is a California corporation with its principal place of business in San Francisco, California. An entertainment casting and talent agency, Defendant does business throughout the United States, including in this district.

7. Various persons, partnerships, sole proprietors, firms, corporations and individuals not named as Defendants in this lawsuit, the identities of which are presently unknown, have participated with Defendant Casting360 in the offenses alleged in this Complaint. The true names and capacities, whether individual, corporate, associate, and/or representative are unknown to

Plaintiff and their identities will require discovery. Plaintiff will amend this Complaint to allege the true names and capacities of additional responsible parties when their identities become known.

## JURISDICTION & VENUE

8. The court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this action involves a claim arising under the laws of the United States.

9. This Court has personal jurisdiction over Casting360 because Casting360 is a resident of this district.

10. Venue is proper in this district under 28 USC § 1391 as Casting360 resides in this District.

## DISTRICT ASSIGNMENT

11. The conduct giving rise to the claim in this matter originated in the County of San Francisco. Under Local Rule 3-2(c), this civil action should be assigned to the San Francisco division of the Northern District of California.

## STATEMENT OF FACTS

12. In recent years, marketers who have felt restricted by federal laws limiting solicitation by telephone, facsimile machine, and email have increasingly looked to alternative technologies through which to send bulk solicitations at a low cost.

13. One type of bulk marketing is to advertise through Short Message Services. The term "Short Message Service" or "SMS" is a messaging system that allows cellular telephone subscribers to use their cellular telephones to send and receive short text messages, usually limited to 160 characters.

14. An "SMS message" is a text message call directed to a wireless device through the use of the telephone number assigned to the device. When an SMS message call is successfully made, the recipient's cell phone rings, alerting him or her is that a call is being received. As cellular telephones are inherently mobile and are frequently carried on their owners' person, calls to cellular telephones, including SMS messages, may be received by the called party virtually anywhere world,

15. Unlike more conventional advertisements, text messages cost the recipient money, because cell phone users must pay their wireless service providers either for each text message call they receive or incur a usage allocation deduction to their text plan, regardless of whether the message is authorized.

16. Over the course of an extended period beginning in approximately 2010, Defendants and their agents directed the mass transmission of unauthorized text messages to cell phones nationwide.

17. Defendants sent an unauthorized text message to Named Plaintiffs' cellular telephone on December 18, 2012. The body of the text message read:

> MOVIE EXTRAS, Actors and Models WANTED! No Experience Required.
> To Register Call 888–216–3410. To UNSUB, reply STOP.

18. Named Plaintiff followed the instructions in that message and sent a reply reading "STOP", in order to stop transmission of the unauthorized text messages. A copy of the text is attached hereto as Exhibit 1.

19. On December 24, 2012 Defendants sent a second unauthorized text message to Named plaintiffs cellular telephone. The body of the text message (attached hereto as Exhibit 2) read:

> MOVIE EXTRAS, Actors and Models WANTED! No Experience Required.
> To Register Call 888–398–2941. To UNSUB, reply STOP.

20. At no time did Named Plaintiff consent to the receipt of these messages or any other text messages from Defendants.

## CLASS ACTION ALLEGATIONS

21. Named Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of herself and a class (the "Class") defined as "All persons in the United States and its Territories who received one or more unauthorized text message advertisements from or on behalf of Casting360, LLC."

22. Upon information and belief, there are over 1,000 members of the Class such that joinder of all members is impracticable.

23. Named Plaintiff will fairly and adequately represent and protect the interest of the members of the Class. Named Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Named Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the members of the class, and have the financial resources to do so. Neither Named Plaintiff nor her counsel has any interest adverse to those of the other members of the class.

24. Absent a class action, most members of the class would find the cost of litigating their claims to be prohibitive, and will have no effective remedy. Class treatment of common questions of law and fact is also superior to multiple individual actions in that it conserves the resources of the Court and the litigants, and promotes consistency and efficiency of adjudication.

25. Defendants have acted and failed to act on grounds generally applicable to the Named Plaintiff and the other members of the Class by transmitting the unauthorized text messages at issue, requiring the Court's imposition of uniform relief to insure compatible standards of conduct towards members of the Class.

26. The transmission of the unauthorized text messages alleged herein forms the factual and legal basis of Defendants' liability to Named Plaintiff and to the other members of the Class. This conduct was the same toward all members of the Class, and resulted in injury to the Named Plaintiffs and to all of the other members of the Class.

27. There are many questions of law and fact common to the claims of Named Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions include, but are not limited to the following:

(a) Do the text messages distributed by or on behalf of Defendants violate 47 U.S.C. § 227?

(b) Are the Class's members entitled to treble damages based on the willfulness of Defendant's conduct?

(c) Did the conduct described above violate the Class's right to privacy?

## FIRST CAUSE OF ACTION
### (Violation of 47 U.S.C. 227)

28. Named Plaintiff incorporates by reference the foregoing allegations as if fully re-written herein.

29. Defendants made unsolicited commercial text calls, including the messages described above to the wireless telephone numbers of Named Plaintiff and Class Members. Each such text message call was made using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator and to dial such numbers.

30. These text calls were made en masse and without the prior express consent of the Named Plaintiff and the other members of the Class.

31. Defendants knew they did not have the express consent of the recipients of these messages because it had not received express consent.

32. Defendants have, therefore, violated 47 USC § 227 (b)(1)(A)(iii). As a result of Defendants' conduct, the members of the Class suffered actual damages by having to pay their respective wireless carriers for the receipt of such text messages and, under § 227(b)(3)(B) are each entitled to, *inter alia*, a minimum of $500 in damages for each violation of such act.

33. Because Defendants had knowledge that Named Plaintiff and the Class did not consent to the receipt of these text messages, the court should, pursuant to 47 USC § 227(b)(3)(C), treble the amount of statutory damages recoverable by the Named Plaintiff and the other members of the class.

WHEREFORE, Named Plaintiff Victoria Earle, on behalf of herself and the Class, prays for the following relief:

1. An Order certifying the Class as defined above;
2. An award of actual and statutory damages;
3. An injunction requiring Defendant to cease all unauthorized text messaging activity;
4. An award of reasonable attorneys' fees and costs; and
5. Such further and other relief the Court deems reasonable and just.

Dated: February 26, 2013

Respectfully submitted,

BRAMSON, PLUTZIK, MAHLER
& BIRKHAEUSER, LLP

By _____
    Daniel E. Birkhaeuser

Daniel E. Birkhaeuser (SBN 136646)
dbirkhaeuser@bramsonplutzik.com
Jenelle W. Welling (SBN 209480)
jwelling@bramsonplutzik.com
2125 Oak Grove Rd., #120
Walnut Creek, CA 94598
Telephone: 925-945-0200
Facsimile: 925-945-8792

Barbara Quinn Smith (Pro Hac Vice to be filed)
Ohio Bar No. 0055328
bqsmith@mhclaw.com
MADDOX, HARGETT & CARUSO
9930 Johnnycake Ridge Rd., #3F
Mentor, OH 44060
Telephone: 440-354-4010
Facsimile: 440-848-8175

Attorneys for Named Plaintiff and the Putative Class

# EXHIBIT 1

**Messages (2)    (626) 328-5251    Edit**

Call    FaceTime    Add Contact

Text Message
Dec 18, 2012, 6:56 PM

MOVIE EXTRAS, Actors and Models WANTED! No Experience Required. To Register Call <u>888-216-3410</u>. To UNSUB, reply STOP



Dec 18, 2012, 7:48 PM


STOP

# EXHIBIT 2

Messages (2)  **(650) 960-6•34**  Edit

Call | FaceTime | Add Contact

Text Message
**Dec 24, 2012, 4:47 PM**

MOVIE EXTRAS, Actors and Models WANTED! No Experience Required. To Register Call <u>888-398-2941</u> . To UNSUB, reply STOP

